FILED
United States Court of Appeals
Tenth Circuit

## UNITED STATES COURT OF APPEALS

## FOR THE TENTH CIRCUIT

**September 4, 2024**

**Christopher M. Wolpert**
**Clerk of Court**

_____

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

v.

MIKAILI DIWANI COHN,
a/k/a ebromanee,

    Defendant - Appellant.

No. 24-5037
(D.C. No. 4:22-CR-00298-SEH-1)
(N.D. Okla.)

_____

## ORDER AND JUDGMENT[*]
_____

Before **HOLMES**, Chief Judge, **HARTZ** and **TYMKOVICH**, Circuit Judges.
_____

The government has filed a motion to enforce the appeal waiver in Mikaili

Diwani Cohn's plea agreement under *United States v. Hahn*, 359 F.3d 1315 (10th Cir.

2004) (en banc).  Exercising jurisdiction under 28 U.S.C. § 1291, we grant the

motion and dismiss the appeal.

## Background

Mr. Cohn pled guilty to receipt and distribution of child pornography (Count

One), possession of child pornography (Count Two), and failure to register as a sex

offender (Count Three).  As Mr. Cohn acknowledged in his plea agreement, he faced

_____

[*] This order and judgment is not binding precedent, except under the doctrines
of law of the case, res judicata, and collateral estoppel.  It may be cited, however, for
its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

no less than 15 years and up to 40 years in prison on Count One; no less than 10 years and up to 20 years in prison on Count Two; and a maximum sentence of 10 years in prison on Count Three.  The government agreed to stipulate to a total sentence of 15 years in prison on concurrent sentences, followed by lifetime supervised release.  In exchange, Mr. Cohn agreed to waive his right to appeal his conviction and sentence, unless his sentence exceeded the statutory maximum.  Mr. Cohn received the agreed-upon sentence.

Despite the appeal waiver in his plea agreement, Mr. Cohn filed this appeal. The government moved to enforce the appeal waiver under *Hahn*.  Mr. Cohn's counsel filed a response with an *Anders* brief and a motion for leave to withdraw. *See Anders v. California*, 386 U.S. 738, 744 (1967) (defense counsel may "request permission to withdraw" when counsel conscientiously examines a case and determines that an appeal would be "wholly frivolous").  Counsel stated his belief that "there is no viable appeal," but noted one "close question" and a potential ineffective-assistance-of-counsel argument—presumably to satisfy his obligation under *Anders* to "refer[] to anything in the record that might arguably support the appeal," *id.* at 744.  *See* Counseled Resp. at 5.

The potential "close question" identified by counsel is whether the plea colloquy for Count Two was insufficient because it failed to establish Mr. Cohn was aware at the time of the crime—as opposed to at the time of the plea hearing—that the child pornography he possessed included images of children who were prepubescent or under 12 years of age, so as to establish a knowing violation of the

statute. But after identifying this question, counsel stated that Mr. Cohn waived any claim that his plea agreement was void by failing to object to the presentence report, which contained much more detailed information about the contents of the images, including the ages and physical development of the children in them. Counsel also explained why the claim would not survive plain error review and why any error was both harmless and cured at sentencing.

The potential ineffective-assistance-of-counsel argument is based on the sparse factual basis in the plea agreement, which "simply stated [Mr. Cohn] possessed 'child pornography,' without describing the reason for use of such a conclusory term" or establishing that Mr. Cohn "personally knew" the videos contained images of "actual minors engaged in sexually explicit conduct, much less that some of the minors were prepubescent and under 12 years of age," *id.*

Consistent with the procedure outlined in *Anders*, the court allowed Mr. Cohn to file a pro se response to show why the appeal waiver should not be enforced. He responded, arguing that: (1) he received ineffective assistance of counsel because his appointed counsel refused to dispute falsified testimony and illegally seized evidence and manipulated his decision-making; (2) his probation officer conspired with his girlfriend to create a false narrative to have him arrested; (3) the police illegally seized evidence from his girlfriend's home, and his appointed counsel was ineffective because he disregarded that illegal seizure; and (4) the detention environment is not

3

conducive to mounting a legal defense with an ineffective attorney.[1] Mr. Cohn did not mention, let alone bolster, either of the potential arguments that his counsel identified in his response and *Anders* brief.

## Discussion

The government's motion to enforce the appeal waiver requires us to determine: "(1) whether the disputed appeal falls within the scope of the waiver of appellate rights; (2) whether the defendant knowingly and voluntarily waived his appellate rights; and (3) whether enforcing the waiver would result in a miscarriage of justice." *Hahn*, 359 F.3d at 1325. A miscarriage of justice occurs "where the district court relied on an impermissible factor such as race, where ineffective assistance of counsel in connection with the negotiation of the waiver renders the waiver invalid, where the sentence exceeds the statutory maximum, or where the waiver is otherwise unlawful." *Id.* at 1327 (bracketed numbers and internal quotation marks omitted). For a waiver to be "otherwise unlawful," the district court must have made an error that seriously affected the fairness, integrity, or public reputation of judicial proceedings. *Id.*

Mr. Cohn does not address the *Hahn* factors in his pro se response. But our independent review confirms all three factors support upholding the appeal waiver in this case.

---

[1] We consider Mr. Cohn's response only as a response to the government's motion to enforce the appeal waiver. We do not consider any embedded requests for relief from his sentence or probation conditions.

First, Mr. Cohn's appeal of his conviction and sentence is within the scope of his appeal waiver. As explained above, he waived his right to appeal his conviction and sentence unless his sentence exceeded the statutory maximum. It did not.

Second, Mr. Cohn has not satisfied his burden of showing that he did not knowingly and voluntarily enter into his plea agreement. *See id.* at 1329 (imposing the burden on the defendant). It is clear from both the plea agreement and the lengthy Rule 11 colloquy that his plea waiver was knowing and voluntary, and he has not argued to the contrary.

Moreover, no record evidence supports the potential argument identified by his counsel in the *Anders* brief—that Mr. Cohn was unaware any child in the videos he possessed was prepubescent or under twelve. In fact, the plea agreement specifically advised for Count Two that the government needed to prove beyond a reasonable doubt that "[t]he visual depiction involved in the offense involved a prepubescent minor or a minor who had not attained 12 years of age." Mot. to Dismiss, Attach. 1 at 12. The court advised Mr. Cohn of this requirement during the change-of-plea hearing too. *See id.*, Attach 3 at 16. And, when summarizing its trial evidence, the government stated that "at least one of the individuals in [the videos depicting minors engaged in sexually explicit conduct] was under the age of 12," *id.* at 26.

It is also clear from the record that Mr. Cohn never questioned the charges against him or expressed any doubt about the ages of the victims in the child pornography he possessed. To the contrary, he expressly acknowledged within the plea agreement that "at least one of the individuals depicted was under the age of

5

twelve." *Id.*, Attach. 1 at 13.  And at his change-of-plea hearing, he stated that (1) he understood "the essential elements of the . . . offenses," *id.*, Attach. 3 at 17; (2) he did not need the court "to read or further explain" his charges to him, *id.* at 8; and (3) "at least one of the individuals depicted in at least one of the videos that [he] possessed was under the age of 12," *id.* at 23.  Moreover, his counsel pointed out that the presentence report contained much more detailed information about the contents of the images, including the ages and physical development of the children in them, and he did not object to it.

Last, we assess whether the waiver would result in a miscarriage of justice. Mr. Cohn's only potential argument in this category is that his defense counsel was ineffective.  But he does not argue he received ineffective assistance of counsel in connection with the negotiation of the waiver, as required.  *See Hahn*, 359 F.3d at 1327.  Besides, "a defendant must generally raise claims of ineffective assistance of counsel in a collateral proceeding, not on direct review." *United States v. Porter*, 405 F.3d 1136, 1144 (10th Cir. 2005).  The court's holding in *Hahn* did "not disturb this longstanding rule." *Hahn*, 359 F.3d at 1327 n.13.  When a defendant "offers no argument supporting a reason to depart from our general practice," as is the case here, we have declined to consider ineffective-assistance claims on direct appeal. *Porter*, 405 F.3d at 1144.  However, consistent with his plea agreement, Mr. Cohn retains his right to claim ineffective assistance of counsel in a collateral proceeding.

6

**Conclusion**

We grant the government's motion to enforce the appeal waiver and dismiss this appeal.  We also grant defense counsel's motion to withdraw.  Because Mr. Cohn filed his pro se response before the deadline, we deny his motion for an extension of time as moot.

Entered for the Court
Per Curiam
